JOHN HURD, Appellant, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Respondent.

*Undertaking on appeal — when the guaranty of a corporation will be accepted in the place of sureties — 1881, chap. 486 — Code of Civil Procedure, secs. 1334, 812.*

Chapter 486 of 1881, impowering any surrogate, judge, sheriff, district attorney or other officer, having authority, or required to approve of the sufficiency of any bond or undertaking, to accept, in his discretion, a bond and undertaking, and approve the same, whenever its conditions are guaranteed by a company duly organized or authorized to do business under the laws of this State, and guaranty the fidelity of persons holding positions of public or private trust, and vesting such corporation with full power to guaranty such bonds and undertaking — authorizes such a corporation to sign, in place of sureties on undertakings given upon an appeal from a judgment to the Court of Appeals, and to guaranty the performance of the covenants and conditions thereof.

This act so far modifies section 1334 of the Code of Civil Procedure, requiring two sureties to such an undertaking, as to dispense with them when a guaranty of this description is given.

When such a guaranty is given, the respondent should be allowed to examine the officers of the company as to its ability to enter into and make it.

Appeal from an order allowing and accepting the guaranty of the Fidelity and Casualty Company of New York, as bail upon an undertaking given on an appeal from a judgment to the Court of Appeals.

*L. B. Bonnell*, for the appellant.

*Thos. S. Moore*, for the respondent.

Daniels, J.:

The undertaking is in the form prescribed by the Code of Civil Procedure, on an appeal from a judgment to the Court of Appeals. It was given and executed by the defendant in its corporate capacity, and added to or indorsed upon it was a guaranty of the Fidelity and Casualty Company of New York, by which it guaranteed the performance of the covenants and conditions of the within bond. This guaranty was taken under the authority of chapter 486 of the Laws of 1881, by which any surrogate, judge, sheriff, district attorney or any other officer, having authority or required to approve of the sufficiency of any bond or undertaking, may in

his discretion accept a bond and undertaking and approve the same, whenever its conditions are guaranteed by a company duly organized or authorized to do business under the laws of this State, and guaranty the fidelity of persons holding positions of public or private trust, and vesting such corporation with full power to guaranty such bonds and undertakings. This language was clearly so broad as to include the undertaking given upon the appeal in this action; and as the company was a corporation having authority to guaranty the fidelity of persons holding positions of public or private trust, it was by this act empowered to make the guaranty it did of this undertaking. The act has been objected to as not being sufficiently broad in its title to justify the enactment. It is entitled an "act to facilitate the giving of bonds required by law." But as bonds and undertakings are to a very great extent understood to be convertible terms, the title of the act was not materially deficient. But if it had been it would be of no importance, for the reason that the act is neither a private nor a local law.

The power and ability of the company to act in this capacity was made the subject of investigation by the General Term of this department, and as it appeared to be incorporated under the general laws of the State, and authorized to transact business by way of guaranteeing the fidelity of persons holding positions of public or private trust, this authority to guaranty bonds or undertakings subject to judicial approval was found to exist, and it was accepted as competent for that purpose.

This act has necessarily so far modified the provisions of the Code of Civil Procedure requiring two sureties in such an undertaking, as to dispense with them when a guaranty of this description may be given. That was clearly its object as to all bonds and undertakings. It was to substitute the guaranty of the bond in place of the liability and obligation of the sureties otherwise required by law.

The court refused to permit the plaintiff to examine the officer of the company as to its ability to enter into and make the guaranty. This we think was erroneous. When the specific objection was overruled further proceedings should have been taken to examine the officers on behalf of the respondent, if he so desired, and thereupon the court should have approved or disapproved of the undertaking.

The order should be modified accordingly, and as so modified affirmed, without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order modified as directed in opinion, and as so modified affirmed, without costs.